UTICA,
July, 1834,

Downing
v.
Blanchard.

---

Downing & Potter, overseers of the poor of Ithica, *vs.* Blanchard.

*Circus* performers are liable to the penalty given by the statute concerning jugglers and the exhibition of shows, if they exhibit *without license.*

The *total prohibition* of shows, &c. extends only to those enumerated in the *first section* of the act; all others may be exhibited if a *license* is obtained.

Error from the Tompkins common pleas. The overseers of the poor of Ithica sued Blanchard before a justice of the peace, and claimed a penalty of $25, under the act *concerning jugglers* and the *exhibition of shows,* 1 R. S. 660, § 1, 2. On the trial before the justice, it appeared that the defendant was one of a company of *circus performers,* who had an exhibition in the village of Ithaca for gain, without having previously obtain-

ed a *license*, according to the statute. Their feats were those of horsemanship, tumbling, playing cards with a horse, and pretending to draw a tooth by means of gun-powder. The plaintiffs obtained judgment before the justice for $25. The defendant removed the cause by *certiorari* into the Tompkins C. P. where the judgment of the justice was *reversed.* The plaintiffs sued out a writ of error.

*B. G. Ferris,* for the plaintiffs in error.

*F. G. Stanley,* for the defendant in error.

*By the Court,* SAVAGE, Ch. J. The only question in the case is, whether *circus performers* are included in the prohibitions of the statute concerning *jugglers* and the exhibition of shows, 1 R. S. 660, § 1, 2. The first section specifies a class of exhibitions which are entirely prohibited. The second section enumerates exhibitions which are permitted, provided two justices of the peace of the town will grant a license for that purpose. Those contained in the first section are, puppet shows, wire or rope dancing, or any idle shows, acts or feats usually practiced by common showmen, mountebanks, or jugglers. The performance of the defendant was not a puppet show, nor a wire or rope dance ; nor was it any act or feat of a mountebank, although the pretended drawing a tooth was very much like the tricks of a juggler, who makes sport by tricks of extraordinary dexterity by which the spectator is deceived. To that extent, the defendant's conduct was literally within the letter of the statute.

It is contended by the plaintiffs in error, that the statute should receive a liberal or equitable construction ; while the defendant insists that the statute being penal, should be construed strictly. It is true that penal statutes are generally construed strictly, yet they are sometimes construed equitably, as it is called, in order to effectuate the intention of the legislature. By an equitable construction, cases not within the letter of the statute are sometimes holden to be within the meaning, because they are within the mischief intended to be prevented. By the statute in question, it was intended to

prevent idle persons from inducing people to spend their time and money in practices of folly and dissipation ; a circus performance has as pernicious consequences following it, as has a wire or rope dance, or the slight of hand tricks of a juggler, or the deceptions of a mountebank. People are called away from their regular business—they spend their time to no purpose, and their money foolishly, if not vitiously ; and if the first section stood alone, I should be inclined to the belief that an equitable construction should be put upon it, for could we ask the legislature, did you intend to include circus performances in the statute ? I cannot doubt that the answer would be in the affirmative. But by the second section, it is apparent that all exhibitions for gain were not intended to be included ; that there were some which might or might not be exhibited, at the discretion of any two magistrates of the town. This section contains the exhibition of natural or artificial curiosities, *or any other thing not contained in the foregoing section.* This shows that the prohibition in the first section is to be extended only to the particulars enumerated, and all others may be exhibited, if a license is obtained. The performance in question is clearly within this section, and as no license was shown or pretended, the defendant was properly convicted before the justice. It seems to me no argument can be necessary to show that exhibitions of this description were not intended to be tolerated without license, when the legislature prohibited all curiosities, natural or artificial, and all paintings, however superior the skill of the artist, or however sublime the moral.

The judgment of the Tompkins common pleas must be reversed with costs, and a *venire de novo* awarded.